IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

HEATHER POSEY, et al.,

    PLAINTIFFS,

vs.                                             CASE NO. CV-01-J-107-J

DEERE & COMPANY, INC., and
BEARD EQUIPMENT COMPANY, INC.,

    DEFENDANTS.

## MEMORANDUM OPINION

This action is before the court on the plaintiffs' motion to remand this case to the Marion County Circuit Court (doc. 5) based on the defendant Beard Equipment's representation in this case that its principal place of business is in Pensacola, Florida, and in previous state court litigation that its principal place of business is Mobile, Alabama. Defendant Beard submitted a brief in opposition to the plaintiff's motion. This matter was taken up in open court on February 16, 2000 at which all parties were present by and through their counsel of record. The court having considered the motion, defendant's response and oral argument of the parties, the court finds as follows:

The issues before this court are (1) where defendant Beard has its principal place of business and (2) whether it is judicially estopped from claiming its principal place of business is in Florida for purposes of diversity jurisdiction (notice of removal at ¶ 5) because it alleged in a suit brought in the Circuit Court of Mobile County that it is a Florida corporation with its principal place of business in Mobile County, Alabama. Complaint in CV-99-897 at ¶¶ 1-2, attached as exhibit to plaintiff's motion to remand. Clearly, the defendant is a citizen of the state where it is incorporated and the state where it has its

principal place of business. *See e.g. Bel-Bel International Corp. v. Community Bank of Homestead*, 162 F.3d 1101, 1106 (11th Cir.1998).

The plaintiffs argue that this defendant is judicially estopped from asserting its principal place of business is anywhere but Mobile, Alabama, citing *Luna v. Dominion Bank*, 631 So.2d 917, 918 (Ala.1993) and *Pendley v. Pendley*, 581 So.2d 470 (Ala.1991). The defendant, in open court and in its brief, argued it was not judicially estopped from asserting its principal place of business was in Florida because its assertion in the Mobile County case was not a litigated assertion, relying on *Edwards v. McCord*, 461 So.2d 1319, 1320 (Ala.1984). The court notes this case is not particularly helpful to the defendant here.

This court finds instructive Judge Acker's notation in *Chandler v. Samford University*, 35 F.Supp.2d 861 (N.D.Ala.1999), that judicial estoppel is intended to protect the integrity of the judicial system and "precludes a party from assuming a position in a legal proceeding which is inconsistent with one previously asserted when inconsistency would allow the party to 'play fast and loose with the courts.'" *Id.* at 863, citing *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 361-62 (3rd Cir.1996) (other citations omitted). The court finds the defendant's allegations of interchangeable principal places of business comes within the realm of playing "fast and loose" with the courts. However, because the court finds further that the defendant is unable to establish its principal place of business is in Pensacola, Florida, the court does not determine whether this defendant is judicially estopped from its claim of roving principal places of business.

The court has applied several tests to determine where defendant has its principal place of business. The court finds that applying the "total activities" test results in a "toss-

up", which defendant Beard concedes. *See* defendant's brief in opposition at 4. Thus the defendant states this court must apply the nerve center test, looking at where the executive and administrative functions performed. *Montrose Chemical Corp. of Calif. v. American Motorists, Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir.1997). The court finds this test to be no more conclusive. While the defendant's corporate charter lists Florida as its principal place of business, the court is still mindful that this defendant has asserted in a court of law that its principal place of business is in Alabama.

This court finds that given the totality of the circumstances and the defendant's previous representation that its principal place of business is in Alabama, the court is inclined to find the defendant to have its principal place of business in Alabama. This court is mindful that the Eleventh Circuit has expressed a preference for remand where federal jurisdiction is not absolutely clear. *See e.g. Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994).

Because this court finds defendant Beard to have its principal place of business is Alabama, this court finds a lack of complete diversity and finds that it lacks jurisdiction over this case. *See* 28 U.S.C. §§ 1332, 1441(b).

In consideration of the foregoing, this court hereby **GRANTS** the plaintiffs' motion to remand. It is therefore **ORDERED** by the court that said case be and hereby is **REMANDED** to the Circuit Court of Marion County, from whence it was removed.

**DONE** and **ORDERED** this the ___20___ day of February, 2001.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

3